The Honorable Theresa L. Fricke

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KISHA YOUNG,

                Plaintiff,

     v.

JOHN C. PHELAN, Secretary of the Navy,

                Defendant.

Case No. 3:25-cv-06132-TLF

DEFENDANT'S ANSWER TO
PLAINTIFF'S COMPLAINT

Defendant John C. Phelan, Secretary of the Navy ("Defendant"), by and through its undersigned attorney, hereby answers Plaintiff Kisha Young's Complaint (Dkt. 1) as follows:

## I.      JURISDICTION AND VENUE[1]

1.1    The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are admitted.

1.2    The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are admitted.

---

[1] For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied. Defendant also replicates the paragraph number of Plaintiff's complaint, including where such numbering is discontinuous.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
[Case No. 3:25-cv-06132-TLF] - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1.3 The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are admitted.

1.4 The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendant denies and puts Plaintiff to her proof.

1.5 The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendant denies and puts Plaintiff to her proof.

1.6 The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendant denies and puts Plaintiff to her proof.

1.7 The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are admitted.

1.8 Admitted.

## II. FACTS

2.1 Defendant incorporates its answers to the foregoing paragraphs as though fully set forth herein.

2.2 Admitted.

2.3 Denied.

2.4 Admitted.

2.5 Admitted.

2.6 Admitted.

2.7 Defendant denies the allegations contained in this paragraph, except Defendant admits that Armando Acosta was the supervisor of Plaintiff's supervisor, Gregory Geyer, for a time.

2.8 Defendant denies the allegations contained in this paragraph, except Defendant admits that Plaintiff went to Mr. Acosta's office in April 2019 to have her Common Access Card (CAC) programmed for access.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
[Case No. 3:25-cv-06132-TLF] - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2.9 Denied.

2.10 Denied.

2.11 Denied.

2.12 Denied.

2.13 Denied.

2.14 Admitted.

2.15 Denied.

2.16 Denied.

2.17 Defendant denies the allegations contained in this paragraph, except Defendant admits that Steven Chmielewski was a Supervisory Supply Management Representative for Defendant and Mr. Acosta's first level supervisor.

2.18 Denied.

2.19 Denied.

2.20 Denied.

2.21 Denied.

2.22 Denied.

2.23 Denied.

2.24 Denied.

2.25 Denied.

2.26 Denied.

2.27 Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph that "Plaintiff was extremely scared and uncomfortable," and on that basis denies it. Defendant denies the remainder of the allegations contained in this

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
[Case No. 3:25-cv-06132-TLF] - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

paragraph, including that Mr. Acosta engaged in "unwanted touching" and disregarded Plaintiff's "attempts to pull away."

2.28    Denied.

2.29    Denied.

2.30    Denied.

2.31    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph that "Plaintiff had severe anxiety and panic," and on that basis denies it. Defendant denies the remainder of the allegations contained in this paragraph, including that Mr. Acosta's actions caused Plaintiff to experience severe anxiety and panic.

2.32    Defendant denies the allegations contained in this paragraph, except Defendant admits that Carla Plettner (formerly Monroe) and Mr. Acosta met with Plaintiff and Kaydra McInnis on June 7, 2019.

2.33    Denied.

2.34    Denied.

2.35    Denied.

2.36    Defendant denies the allegations contained in this paragraph, except Defendant admits that Carla Plettner (formerly Monroe) and Mr. Acosta met with Plaintiff and Kaydra McInnis on June 7, 2019.

2.37    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph that "Plaintiff was very distraught," and on that basis denies it. Defendant denies the remainder of the allegations contained in this paragraph.

2.38    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies them.

2.39    Admitted.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
[Case No. 3:25-cv-06132-TLF] - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2.40    Denied.

2.41    Defendant admits Plaintiff was not at work on June 10, 2019, on leave without pay. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies them.

2.42    Defendant denies the allegations contained in this paragraph, except Defendant admits that an investigator came to Plaintiff's place of employment on June 14, 2019.

2.43    Denied.

2.44    Defendant denies the allegations contained in this paragraph, except Defendant admits that Mr. Chmielewski spoke to Plaintiff on June 17, 2019.

2.45    Denied.

2.46    Denied.

2.47    Denied.

2.48    Denied.

2.49    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph regarding Plaintiff's understanding of an alleged statement, and on that basis denies them. Defendant denies the remainder of the allegations contained in this paragraph.

2.50    Denied.

2.51    Denied.

2.52    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies them.

2.53    Denied.

2.54    Admitted.

2.55    Admitted.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2.56 Denied.

2.57 Defendant denies the allegations contained in this paragraph, except Defendant admits that Ms. McInnis was crying at various times following a car accident on June 25, 2019.

2.58 Defendant denies the allegations contained in this paragraph, except Defendant admits that Mr. Acosta left and then returned to the office Ms. McInnis and Plaintiff were in on June 25, 2019.

2.59 Denied.

2.60 Denied.

2.61 Defendant denies the allegations contained in this paragraph, except Defendant admits that Plaintiff signed an EEO contact/intake questionnaire on June 27, 2019, alleging that Mr. Acosta had discriminated against her based on gender.

2.62 Defendant denies the allegations contained in this paragraph, except Defendant admits that Plaintiff signed an EEO contact/intake questionnaire on June 27, 2019, alleging that Mr. Acosta had discriminated against her based on gender, and stating, "i would like to transfer back to PSNS, i would like to switch departments so i never have to chance running into him again, and i would like a safe, sexual harassment-free work place" [sic].

2.63 Defendant denies the allegations contained in this paragraph, except Defendant admits that Mr. Geyer signed a record of counseling on July 1, 2019, the contents of which speak for themselves.

2.64 Denied.

2.65 Defendant admits that Mr. Geyer informed Plaintiff on or about July 17, 2019, that she would be transferring to the inventory team. Defendant denies that Plaintiff reported directly to Mr. Acosta in that role.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2.66    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies them.

2.67    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies them.

2.68    Denied.

2.69    Denied.

2.70    Defendant denies the allegations contained in this paragraph, except Defendant admits that Plaintiff and Mr. Acosta worked within the same warehouse following Plaintiff's reassignment.

2.71    Denied.

2.72    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies them.

2.73    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies them.

2.74    Denied.

2.75    Denied.

2.76    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph regarding Plaintiff's alleged anxiety and frustration, and on that basis denies them. Defendant denies the remainder of the allegations in this paragraph, including that Mr. Acosta ever taunted Plaintiff.

2.77    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies them.

2.78    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies them.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
[Case No. 3:25-cv-06132-TLF] - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2.79 Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies them.

2.80 Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies them.

2.81 Denied.

2.82 Defendant denies the allegations contained in this paragraph, except Defendant admits that Plaintiff reported allegations regarding an incident on September 30, 2019, to an EEO counselor.

2.83 Denied.

2.84 Defendant denies the allegations contained in this paragraph, except Defendant admits that, on October 13, 2019, Plaintiff transferred to a job at a different facility and installation than where Mr. Acosta worked.

2.85 Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies them.

2.86 Defendant denies the allegations contained in this paragraph, except Defendant admits that Plaintiff requested leave for several doctor's appointments and to care for her child.

2.87 Defendant denies the allegations contained in this paragraph, except Defendant admits that Plaintiff provided medical documentation for some leave requests.

2.88 Admitted.

2.89 Defendant denies the allegations contained in this paragraph, except Defendant admits that Stephanie Cockrell was an employee of the Defendant in 2020.

2.90 Defendant denies the allegations contained in this paragraph, except Defendant admits that Ms. Cockrell learned about Plaintiff's discrimination complaint in late February of 2020.

2.91 Denied.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2.92 Denied.

2.93 Defendant admits that Plaintiff was terminated on March 3, 2020. The remaining allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendant denies and puts Plaintiff to her proof.

2.94 Denied.

### III.  FOR A FIRST CAUSE OF ACTION SEXUAL HARASSMENT/SEX DISCRIMINATION

3.1.1 Defendant incorporates its answers to the foregoing paragraphs as though fully set forth herein.

3.1.2 Defendant admits that Plaintiff was a female employee of Defendant. The remaining allegations in this paragraph state legal conclusions to which no response is required. To the extent a response to these allegations is required, they are denied.

3.1.3 The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response to these allegations is required, they are denied.

3.1.4 The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response to these allegations is required, they are denied.

3.1.5 The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response to these allegations is required, they are denied.

3.1.6 Defendant denies that it intentionally ignored Plaintiff's reporting activity. The remaining allegations in this paragraph state legal conclusions to which no response is required. To the extent a response to these allegations is required, they are denied.

3.1.7 The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response to these allegations is required, they are denied.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
[Case No. 3:25-cv-06132-TLF] - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3.1.8   The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response to these allegations is required, they are denied.

3.1.9   The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response to these allegations is required, they are denied.

## IV.   FOR A SECOND CAUSE OF ACTION DISCRIMINATION BASED ON RACE

4.1     Defendant incorporates its answers to the foregoing paragraphs as though fully set forth herein.

4.1.1   Denied.

4.1.2   The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response to these allegations is required, they are denied.

4.1.3   Denied.

4.1.4   Denied.

4.1.5   Denied.

4.1.6   Denied.

4.1.7   The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response to these allegations is required, they are denied.

4.1.8   The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response to these allegations is required, they are denied.

## V.   FOR A THIRD CAUSE OF ACTION RETALIATION/SEX/PREGNANCY DISCRIMINATION

5.1.1   Defendant incorporates its answers to the foregoing paragraphs as though fully set forth herein.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
[Case No. 3:25-cv-06132-TLF] - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5.1.2   The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response to these allegations is required, they are denied.

5.3.1   The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response to these allegations is required, they are denied.

5.3.2   Defendant denies that Plaintiff's pregnancy was a factor in her termination. The remaining allegations in this paragraph state legal conclusions to which no response is required. To the extent a response to these allegations is required, they are denied.

5.3.3   The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response to these allegations is required, they are denied.

5.3.4   The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response to these allegations is required, they are denied.

## VI.    PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint contains only a prayer for relief to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to any relief.

### AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or in part, fails to state claims over which this Court has subject matter jurisdiction.

2.     The Complaint, in whole or in part, fails to state a claim against Defendant upon which relief can be granted.

3.     Plaintiff may have failed to timely exhaust administrative remedies with respect to some or all of her claims.

4.     All actions taken by Defendant with respect to Plaintiff were based upon legitimate, nondiscriminatory, and non-retaliatory reasons that were not pretextual.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
[Case No. 3:25-cv-06132-TLF] - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5. Defendant's actions were a just and proper exercise of management discretion, undertaken in good faith in a fair, reasonable, and lawful manner under the circumstances then existing.

6. There is no basis for imputing liability to Defendant.

7. Plaintiff has no damages. To the extent damages exist and are recoverable, Plaintiff has failed to mitigate damages.

8. Plaintiff may not recover punitive damages from Defendant, an agent of the government. 42 U.S.C. § 1981a(b)(1).

9. To the extent Plaintiff is entitled to recover damages from Defendant in this action, which Defendant denies, Plaintiff's damages are subject to the statutory limits set forth in Title VII. See 42 U.S.C. § 2000e, *et seq*.

10. To the extent Plaintiff is entitled to recover damages from Defendant in this action, which Defendant denies, Defendant is entitled to a credit or set-off to the extent allowed under federal and state common law and statutory law.

11. Defendant hereby specifically reserves the right to amend this Answer and to assert additional defenses that are not currently known but may become apparent through discovery.

//

//

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
[Case No. 3:25-cv-06132-TLF] - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

DATED this 13th day of March, 2026.

Respectfully submitted,

s/ Sean M. Arenson
SEAN M. ARENSON, WSBA No. 60465
Assistant United States Attorney
United States Attorney's Office
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax:    206-553-4067
Email: sean.arenson@usdoj.gov

*Attorney for Defendant*

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
[Case No. 3:25-cv-06132-TLF] - 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970